**Dated: November 16, 2026**

**The following is ORDERED:**

PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IN RE:**<br><br>**DEREK CAMERON PLUMB,**<br><br>**Debtor.** | **Case No. 26-10044-T**<br>**Chapter 7** |
| **JAMES BYGLAND,**<br><br>**Plaintiff,**<br>**v.**<br><br>**DEREK CAMERON PLUMB,**<br><br>**Defendant.** | **Adv. No. 26-01014-T** |

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

THIS MATTER comes before the Court pursuant to Plaintiff's Motion for Partial Summary Judgment (the "Motion"),[1] filed by James Bygland ("Plaintiff"); Defendant's Response

---

[1] ECF Nos. 14, 15.

to Plaintiff's Motion for Partial Summary Judgment (the "Response"),[2] filed by Derek Cameron Plumb ("Defendant"); and Plaintiff's Reply in Support of Motion for Partial Summary Judgment (the "Reply"),[3] filed by Plaintiff. Presently at issue is whether a debt is dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).[4]

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). Determination as to the dischargeability of a debt is a "core" proceeding as that term is defined by 28 U.S.C. § 157(b)(2)(I).

**Summary Judgment Standard**

The United States Court of Appeals for the Tenth Circuit has held that:

> Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id.* Put differently, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quotation omitted).[5]

The Court will apply this standard to the Motion.

---

[2] ECF No. 18.

[3] ECF No. 19.

[4] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

[5] *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).

**Background**

Defendant was the owner and managing member of Cut Right Landscape & Tree, LLC ("Cut Right"). On or about July 16, 2024, Cut Right submitted to Plaintiff a written Landscape Construction Proposal for service at Plaintiff's residence for a total price of $125,100.00.[6] On August 19, 2024, Defendant, on behalf of Cut Right, and Plaintiff executed a Construction Agreement (the "Contract").[7] Prior to entering the Contract, Defendant told Plaintiff he had prior experience with projects of similar size to Plaintiff's project and that the project could be completed in accordance with the timeframe set out in the Contract.[8] Plaintiff relied on Defendant's statements before agreeing to the Contract with Cut Right.[9] Defendant understood that the payments made by Plaintiff were meant to be used for the costs of Plaintiff's project, including materials, labor, and subcontractors.[10]

On August 19, 2024, Plaintiff paid Cut Right $62,550.00 which was deposited into Cut Right's BancFirst operating account.[11] On September 17, 2024, Plaintiff paid Cut Right $37,530.00 which was deposited into Cut Right's BancFirst operating account.[12] Defendant did not hold the funds paid by Plaintiff in a separate account or in trust for the completion of the project.[13] Defendant ceased work on Plaintiff's project on October 17 or 19, 2024, and Cut Right closed on October 21, 2024, due to "exhausted finances."[14] The work on Plaintiff's project was

---

[6] ECF No. 15, Ex. 1-A.
[7] ECF No. 15, Ex. 1-B.
[8] ECF No. 15, Ex. 13.
[9] ECF No. 15, Ex. 15.
[10] *Id.*
[11] ECF No. 15, Ex. 3.
[12] ECF No. 15, Ex. 4.
[13] ECF No. 15, Ex. 13.
[14] ECF No. 15, Ex. 13, 14.

not completed.[15] No portion of the $100,080.00 paid by Plaintiff was refunded.[16] During August and September of 2024, Defendant used funds from the Cut Right operating account for personal expenses, as well as expenses associated with construction projects other than the project for Plaintiff.[17]

On January 14, 2026, Defendant filed a Chapter 7 Voluntary Petition in this Court, Case Number 26-10044-T.[18] On March 24, 2026, Plaintiff filed this adversary proceeding seeking a determination that his debt be excepted from discharge pursuant to § 523(a)(2)(A), (a)(4), and (a)(6).[19]

**Discussion**

The issue raised in the Motion is whether a debt should be excepted from discharge under § 523(a)(2)(A) of the Bankruptcy Code. Exceptions to discharge are to be narrowly construed with any doubts resolved in the debtor's favor.[20] Under § 523, a creditor seeking to except its claim from discharge must prove the claim is nondischargeable by a preponderance of the evidence.[21]

*A. Section 523(a)(2)(A): False Pretenses, False Representation, or Actual Fraud*

Section 523(a)(2)(A) excepts from discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud[.]" Thus, a claim pursuant to § 523(a)(2)(A) may rest on any of the three aforementioned types of fraud, each of which must be analyzed separately depending on the

---

[15] *Id.*
[16] ECF No. 15, Ex. 12.
[17] ECF No. 15, Ex. 3, 13
[18] Case No. 26-10044, at ECF No. 1.
[19] ECF No. 1.
[20] *See Glencove Holdings, LLC v. Bloom (In re Bloom)*, No. 22-1005, 2022 WL 2679049, at *5 (10th Cir. July 12, 2022); *DSC Nat'l Props., LLC v. Johnson (In re Johnson)*, 477 B.R. 156, 168 (10th Cir. BAP 2012).
[21] *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

facts of the specific case.[22] However, each type of fraud must involve "moral turpitude or intentional wrong, and does not extend to fraud implied in law which may arise in the absence of bad faith or immorality."[23] In other words, the debtor must have acted with subjective intent to deceive, which may be inferred from the totality of the circumstances.[24]

A false representation for purposes of § 523(a)(2)(A) is an explicit, definable statement resulting in a misrepresentation.[25] A false pretense, on the other hand, is an implied misrepresentation, which includes a material omission or conduct intended to create and foster a false impression.[26] To establish a claim under § 523(a)(2)(A) for false pretenses or false representation, a plaintiff must prove the following: "1) the debtor made a false representation; 2) the debtor made the representation with the intent to deceive the creditor; 3) the creditor relied on the representation; 4) the creditor's reliance was justifiable; and 5) the debtor's representation caused the creditor to sustain a loss."[27] Actual fraud entails "any deceit, artifice, trick, or design involving direct or indirect operation of the mind, used to circumvent or cheat another."[28] To

---

[22] *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 360 (2016) ("It is therefore sensible to start with the presumption that Congress did not intend 'actual fraud' to mean the same thing as 'a false representation[.]'").

[23] *In re Van De Water*, 180 B.R. 283, 288 (Bankr. D.N.M. 1995) (citation omitted); *see also Ritz*, 578 U.S. at 360.

[24] *In re Johnson*, 477 B.R. at 169; *Skyline Air Ops, Inc. v. Conkle (In re Conkle)*, No. 23-01053, 2024 WL 1460286, at *6 (Bankr. W.D. Okla. Apr. 3, 2024).

[25] *Argento v. Cahill (In re Cahill)*, No. 15-72418, 2017 WL 713565, at *6 (Bankr. E.D.N.Y. Feb. 22, 2017).

[26] *William W. Barney, M.D. P.C. Ret. Fund v. Perkins (In re Perkins)*, 298 B.R. 778, 788 (Bankr. D. Utah 2003).

[27] *Okla. Heritage Bank v. Ward (In re Ward)*, 589 B.R. 424, 428 (Bankr. W.D. Okla. 2018) (citing *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 789 (10th Cir. 2009)); *Scheideler v. Berken*, No. 16-cv-02310, 2017 WL 3315550, at *3 (D. Colo. Aug. 3, 2017).

[28] *Bank of Cordell v. Sturgeon (In re Sturgeon)*, 496 B.R. 215, 223 n.14 (10th Cir. BAP 2013) (quoting *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000)).

establish a claim for actual fraud, "a creditor must establish that (1) a fraud occurred, (2) the debtor intended to defraud, and (3) the fraud created the debt that is the subject of the dispute."[29]

The Court concludes Plaintiff is not entitled to judgment as a matter of law on his § 523(a)(2)(A) claim. Fraudulent intent may be established via circumstantial evidence or inferences drawn from the totality of the circumstances.[30] However, "[a]s a general rule, questions involving a person's intent or other state of mind cannot be resolved by summary judgment."[31] This is in large part because "[q]uestions of intent involve many intangible factors, such as witness credibility, that are best left to the consideration of a factfinder after a full trial."[32]

Plaintiff argues the evidence presented by his Motion allows the Court to infer that Defendant intended to deceive Plaintiff by advising him that the funds paid would be used for Plaintiff's project. The Court cannot determine from the evidence presented that the alleged statements were false, nor can it infer fraudulent intent. Although it may not be the soundest of business practices, the fact that Defendant used funds from the Cut Right operating account for

---

[29] *In re Ward*, 589 B.R. at 428 (quoting *Fifth Third Mortg. Co. v. Kaufman*, 2017 WL 4021230, at *14 (N.D. Ill. July 25, 2017)).

[30] *Collins v. Leonard (In re Leonard)*, 18-01081, 2019 WL 1062484, at *4 (Bankr. W.D. Okla. Mar. 6, 2019) (first citing *First Nat'l Bank v. Cribbs (In re Cribbs)*, 327 B.R. 668, 673 (10th Cir. BAP 2005), *aff'd*, 2006 WL 1875366 (10th Cir. 2006); and then citing *Copper v. Lemke (In re Lemke)*, 423 B.R. 917, 922 (10th Cir. BAP 2010)).

[31] *United States v. Fletcher (In re Fletcher)*, 489 B.R. 224, 236 n.38 (Bankr. N.D. Okla. 2013) (quoting *In re Herrman*, 355 B.R. 287, 291 (Bankr. D. Kan. 2006)). *See also Sw. Fin. Servs. of Las Cruces, Inc. v. Lopez (In re Lopez)*, 06–01078, 2008 WL 189846, at *4 (10th Cir. BAP Jan. 23, 2008); *Prochaska v. Marcoux*, 632 F.2d 848, 851 (10th Cir. 1980); *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Questions of intent involve many intangible factors, such as witness credibility, that are best left to the consideration of a factfinder after a full trial."); *Al Lado Cambio De Cheques, Inc. v. Reyes (In re Reyes)*, 19-01094, 2020 WL 4006376, at *4 (Bankr. W.D. Okla. July 15, 2020); *Grove v. Beaver (In re Beaver)*, 454 B.R. 184, 191 (Bankr. D.N.M. 2011); *In re Nevarez*, 415 B.R. 540, 544 (Bankr. D.N.M. 2009); *see* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2730 (3d ed. 1998).

[32] *Buell v. Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979).

expenses other than Plaintiff's project does not necessarily equate to fraud.[33] Plaintiff has not identified any provision of the Contract which required Defendant to maintain Plaintiff's project funds in a separate account, nor has he alleged that Defendant represented that he would maintain said funds in a particular account.[34]

Plaintiff also asserts that Defendant's claim to have completed projects of similar size constituted a false representation meant to deceive. Plaintiff has not provided sufficient evidence to support the contention that Defendant falsely represented the nature and size of previous projects completed by Cut Right. Therefore, because genuine disputes of material fact remain in this case, the Court finds summary judgment as to Plaintiff's § 523(a)(2)(A) claim to be inappropriate.

*B. Rule 56(g) Request*

Plaintiff requests, in the alternative, that the Court establish certain findings of fact as admitted or undisputed pursuant to Federal Rule of Civil Procedure 56(g). Rule 56(g) allows a court, in its discretion, to enter an order stating that certain material facts are established in a case if it does not grant all the relief sought by a summary judgment motion. "Rule 56(g) is 'ancillary' to the ultimate summary-judgment analysis, operating to 'salvage some results' from the time and resources spent in deciding unsuccessful summary judgment motions."[35] The 2010 Advisory Committee Note for Rule 56(g) states:

> If it is readily apparent that the court cannot grant all the relief requested by the motion, it may properly decide that the cost of determining whether some potential fact disputes may be eliminated by summary disposition is greater than the cost of resolving those disputes by other means, including trial. Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial

[33] *See Pacini v. Ennis (In re Ennis)*, 10–01458, 2012 WL 3727324, at *7-8 (10th Cir. BAP Aug. 29, 2012).

[34] *See* ECF No. 15, Ex. 1-B.

[35] *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 416 (7th Cir. 2019) (quoting Wright & Miller, 10B Fed. Prac. & Proc. § 2737 (4th ed. 2018)).

> facts and issues that may be better illuminated by the trial of related facts that must be tried in any event.[36]

Having fully reviewed the matter, the Court declines to exercise its discretion to make factual findings pursuant to Rule 56(g) in this case. Many of the underlying facts, as presented by Plaintiff, are admitted by Defendant; however, the parties disagree about the inferences to be drawn from those facts. The Court sees no benefit in establishing facts prior to trial that will nevertheless require significant litigation. Moreover, as indicated by the parties in briefing the matter now before the Court, they are willing to reach an agreement regarding certain facts and to stipulate the truly undisputed facts in a proposed pre-trial order. The Court encourages the parties to so collaborate, if possible.

## Conclusion

For the reasons set forth above, the Motion is DENIED. The Court finds that genuine issues of material fact exist in this case with respect to the Motion. Plaintiff has not met his burden under § 523(a)(2)(A) to show the debt is nondischargeable, and he is not entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED that the Plaintiff's Motion for Partial Summary Judgment, filed by James Bygland, at ECF No. [14], be denied without prejudice.

###

[36] 2010 Advisory Committee Note to Fed. R. Civ. P. 56(a).